APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1

Exhibit 1

| Exhibit Name | Title of Document | Page |
|---|---|---|
| Exhibit 1-A | Declaration of Travis Voyles, EPA Assistant Deputy Administrator | 2, 3, 5, 6, 9 |
| Exhibit 1-B | Email from M. Wise re termination template | 3, 6 |
| Exhibit 1-C | Sample Termination Letter with placeholders | 3, 6 |
| Exhibit 1-D | Email from D. Coogan to T. Voyles with list of grant programs to terminate | 5, 9 |
| Exhibit 1-E | EPA Grant Termination SOP | 6 |
| Exhibit 1-F | Declaration of Daniel Coogan, EPA Office of Mission Support Deputy Assistant Administrator | 6 |

APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-A

# Declaration of Travis Voyles

# EPA Assistant Deputy Administrator

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

The Sustainability Institute, et. al.,

            Plaintiffs,

    v.

DONALD J. TRUMP, in his official capacity as President of the United States, et. al.,

            Defendants

Civil Action No.: 2:25-cv-02152-RMG

## <u>DECLARATION OF TRAVIS VOYLES</u>

I, TRAVIS VOYLES, declare and state as follows:

1.    I am an Assistant Deputy Administrator at the U.S. Environmental Protection Agency. The Assistant Deputy Administrator is the EPA official responsible for providing executive and logistical support for the EPA Administrator. I have held this position since January 2025. I make the following factual statements based on my personal knowledge and belief. If called as a witness, I could and would competently testify thereto.

2.    The following is provided in response to paragraph 1 of the April 29, 2025, Court Order ("the Order"), specifically regarding:

- Grant #2 on Exhibit A to the Order, Grant #5F-03D33625-0 to Earth Island Institute, listed as "Termination in Progress";

- Grant #3 on Exhibit A to the Order, Grant #03D30824[1] to The Sustainability Institute, listed as "Termination in Progress";

- Grant #4 on Exhibit A to the Order, Grant #97T28301 to Leadership Counsel for Justice and Accountability, listed as "Termination in Progress";

---

[1] Exhibit A erroneously omitted a zero from the beginning of this grant number.

**Exhibit 4**

- Grant #5 on Exhibit A to the Order, Grant #96272300 to Bronx River Alliance, listed as "Termination in Progress";

- Grant #6 on Exhibit A to the Order, Grant #97T28901 to Earth Island Institute, listed as "Termination in Progress";

- Grant #7 on Exhibit A to the Order, Grant #00A01479 to City of New Haven, listed as "Termination in Progress";

- Grant #8 on Exhibit A to the Order, inadvertently identified as Grant #0E+00000 to the City of Madison, and therefore incorrectly listed as "Closed", and which should be listed as Grant #00E05005 to the City of Madison, and "Termination in Progress";

and

- Grant #9 on Exhibit A to the Order, Grant #00A01441 to City of New Haven, listed as "Terminated";

- Grant #10 on Exhibit A to the Order, Grant #95336801 to City of Baltimore, listed as "Terminated";

- Grant #11 on Exhibit A to the Order, Grant #03D03424 to CleanAIRE NC, listed as "Terminated";

- Grant #12 on Exhibit A to the Order, Grant #96229424 to Bronx River Alliance, listed as "Terminated".

3.    On February 25, 2025, I conducted an individualized review of EPA grant programs for consistency with Agency policy priorities. That day, I decided that certain grant programs, identified by "Assistance Number Listing," should be terminated for policy reasons. I orally communicated my decision to Daniel Coogan, Deputy Assistant Administrator for Infrastructure and Extramural Resources in the Office of Mission Support. That evening, Mr. Coogan sent an

email to me, copying others, documenting the decision I had made earlier that day. *See* Exhibit 1, Bates No. EPA_00289735.

4.  On March 7, 2025, Mr. Coogan sent an email to leadership in the EPA Office of the Chief Financial Officer instructing them to put a financial control in the Automated Standard Application for Payments (ASAP) system for the grants that had been identified for termination. In a separate email, I elaborated that the purpose of the control was "to prevent any drawdowns in the time between announcement and execution [of grant termination] through [the Office of Mission Support]." *See* Exhibit 2, Bates No. EPA_00048219.

5.  Later that day, staff in the EPA Office of the Chief Financial Officer executed my instructions, and sent an email back to their leadership with an attached excel spreadsheet verifying the programs they had subjected to the financial control, as well as a list of the individual awards for which drawdowns had been frozen as a result. *See* Exhibit 3, Bates No. EPA_00000735 and Exhibit 4, Bates No. EPA_00000739. Each of the grants listed in Paragraph 1 of this Declaration appears on that spreadsheet.

6.  Consistent with my instruction, throughout March, EPA began terminating the grants I had originally identified for termination on February 25, 2025, while noting the need to comply with court orders in various cases. *See* Exhibit 5, Bates No. EPA_00292053 and Exhibit 6, Bates No. EPA_00292054. Accordingly:

- Grant #9 on Exhibit A to the Order, Grant #00A01441 to City of New Haven was terminated on March 27, 2025;

- Grant #10 on Exhibit A to the Order, Grant #95336801 to City of Baltimore was terminated on March 26, 2025;

- Grant #11 on Exhibit A to the Order, Grant #03D03424 to CleanAIRE NC, was terminated on March 28, 2025; and

- Grant #12 on Exhibit A to the Order, Grant #96229424 to Bronx River Alliance, was terminated on March 28, 2025.

7.     The process of terminating grants while remaining in compliance with court orders continues today. *See* Exhibit 7, Decl. of Daniel Coogan filed in *Woonasquatucket River Watershed Council et al. v. Department of Agriculture et al.*, 1:25-cv-00097 (D.R.I.), April 23, 2025, at para 5.

8.     Accordingly, each of the grants identified in Paragraph 1 of this Declaration as "termination in progress" has not been terminated, and, as of the date of this Declaration, each of those recipients currently has access to draw down funding from ASAP.

9.     In response to paragraph 4 of the April 29, 2025, Order, regarding Grant #15 on Exhibit A to the Order, Grant #0602.24.082555 to Alliance for the Shenandoah Valley, upon further review, that grant is not from the U.S. Environmental Protection Agency. Therefore, I have no information to provide regarding that grant.

10.     In response to paragraph 5 of the April 29, 2025, Order, regarding Grant #8 on Exhibit A to the Order, as indicated in paragraph 1 of this Declaration above, Exhibit A erroneously identified the subject grant as Grant #0E+00000 to the City of Madison, and as a result incorrectly listed as the grant as "Closed." Upon further review, the grant at issue is Grant #00E05005 to the City of Madison, and its status is "Termination in Progress." Funds are currently available to the recipient.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of May 2025.

/s/
TRAVIS
VOYLES

Digitally signed by TRAVIS
VOYLES
Date: 2025.05.06 15:00:29
-04'00'

Travis Voyles
Assistant Deputy Administrator
United States Environmental Protection Agency

APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-B

# Email from M. Wise re termination template

Message

---

**From:** Durand, Jessica [Durand.Jessica@epa.gov]
**Sent:** 2/21/2025 10:03:35 PM
**To:** Wise, Melissa [wise.melissa@epa.gov]; Lentz, Rachel [Lentz.Rachel@epa.gov]
**Subject:** RE: Termination Memo

Hi Melissa,

The Memo has been added: https://work.epa.gov/sites/default/files/2025-02/termination_memo_template.docx

And here is the SOP link again: https://work.epa.gov/sites/default/files/2025-02/grant_termination_sop.pdf

For reference, both documents are in the Policy Library. And it looks like this:

| Policy | Description | Topics |
|---|---|---|
| **Grant Termination SOP (pdf)** | **This SOP provides unilateral termination procedures.**<br>**Resources:**<br>1.  **Termination Memo Template (docx)** | 1.    Post-Award<br>2.    Closeout<br>3.    Terms and Conditions |

Jessica Durand
Branch Supervisor, Policy and Training Branch
National Policy, Training, and Compliance Division
Office of Grants and Debarment
Durand.jessica@epa.gov

---

**From:** Wise, Melissa <wise.melissa@epa.gov>
**Sent:** Friday, February 21, 2025 3:55 PM
**To:** Lentz, Rachel <Lentz.Rachel@epa.gov>; Durand, Jessica <Durand.Jessica@epa.gov>
**Subject:** FW: Termination Memo
**Importance:** High

Hi Rachel and Jessica,

I was going to ask Ayo to post the Termination Memo to our intranet site.  Any concerns?

Thanks,
Melissa

---

**From:** Wise, Melissa
**Sent:** Friday, February 21, 2025 3:12 PM
**To:** Brown, Devon <Brown.Devon@epa.gov>; Schindel, Phillip <Schindel.Phillip@epa.gov>; Tocci, Brian F. <Tocci.Brian@epa.gov>; Rose, Kenneth <Rose.Kenneth@epa.gov>; Sherwood, Kelly <Sherwood.Kelly@epa.gov>;

Shelmon, Shantel <Shelmon.Shantel@epa.gov>; Sykes, Karen <Sykes.Karen@epa.gov>; Fields, Robert <Fields.Robert@epa.gov>; Dolan, Sheila <dolan.sheila@epa.gov>; Watkins, Christopher <Watkins.Christopher@epa.gov>; Rawls, Whitney <rawls.whitney@epa.gov>; Hulstein, Sarah <hulstein.sarah@epa.gov>; Seeger, Lindsay <seeger.lindsay@epa.gov>; Truong, Carolyn <Truong.Carolyn@epa.gov>; Mendiola, Angela <Mendiola.Angela@epa.gov>; Johnson, Peggy D. <johnson.peggyd@epa.gov>; Manion, Andrea <Manion.Andrea.L@epa.gov>; Lloyd, Keva <Lloyd.Keva@epa.gov>; Phillips, Lashaun <Phillips.Lashaun@epa.gov>
**Cc:** Segovia, Theresa <Segovia.Theresa@epa.gov>; Johnson, Arthur <Johnson.Arthur@epa.gov>; McManus, Catharine <mcmanus.catharine@epa.gov>; Eubanks, Kristy <Eubanks.Kristy@epa.gov>; Sanders, Amy <Sanders.Amy@epa.gov>; Stanton, MaryA <Stanton.Marya@epa.gov>; Krehbiel, Ben <Krehbiel.Ben@epa.gov>; McCluney, Lance <McCluney.Lance@epa.gov>; Drake, Kerry <Drake.Kerry@epa.gov>; Chung, Angela <Chung.Angela@epa.gov>; Coogan, Daniel <Coogan.Daniel@epa.gov>; Tsing-Choy, Kathy <Tsing-Choy.Kathy@epa.gov>; Jones-Peeler, Meshell <Jones-Peeler.Meshell@epa.gov>; Gulamali, Adil <Gulamali.Adil@epa.gov>; Sylvester, Kenneth <Sylvester.Kenneth@epa.gov>
**Subject:** Termination Memo
**Importance:** High

Good afternoon, GMOs,

Here is the final/cleared Termination Memo that should be attached to the email notification.

GMOs:

- Copy/paste email language from Grant Termination SOP to compose the email
- Complete/attach the Termination Memo to the email
- Attach Amendment from NGGS to the email

You are now clear to complete all terminations by COB today.  Please let me know if you have any questions.

Thank you,
Melissa

---

**From:** Wise, Melissa
**Sent:** Thursday, February 20, 2025 6:27 PM
**To:** Brown, Devon <Brown.Devon@epa.gov>; Schindel, Phillip <Schindel.Phillip@epa.gov>; Tocci, Brian F. <Tocci.Brian@epa.gov>; Rose, Kenneth <Rose.Kenneth@epa.gov>; Sherwood, Kelly <Sherwood.Kelly@epa.gov>; Shelmon, Shantel <Shelmon.Shantel@epa.gov>; Sykes, Karen <Sykes.Karen@epa.gov>; Fields, Robert <Fields.Robert@epa.gov>; Dolan, Sheila <dolan.sheila@epa.gov>; Watkins, Christopher <Watkins.Christopher@epa.gov>; Rawls, Whitney <rawls.whitney@epa.gov>; Hulstein, Sarah <hulstein.sarah@epa.gov>; Seeger, Lindsay <seeger.lindsay@epa.gov>; Truong, Carolyn <Truong.Carolyn@epa.gov>; Mendiola, Angela <Mendiola.Angela@epa.gov>; Johnson, Peggy D. <johnson.peggyd@epa.gov>; Manion, Andrea <Manion.Andrea.L@epa.gov>
**Cc:** Segovia, Theresa <Segovia.Theresa@epa.gov>; Johnson, Arthur <Johnson.Arthur@epa.gov>; McManus, Catharine <mcmanus.catharine@epa.gov>; Eubanks, Kristy <Eubanks.Kristy@epa.gov>; Sanders, Amy <Sanders.Amy@epa.gov>; Stanton, MaryA <Stanton.Marya@epa.gov>; Krehbiel, Ben <Krehbiel.Ben@epa.gov>; McCluney, Lance <McCluney.Lance@epa.gov>; Drake, Kerry <Drake.Kerry@epa.gov>; Chung, Angela <Chung.Angela@epa.gov>; Coogan, Daniel <Coogan.Daniel@epa.gov>; Tsing-Choy, Kathy <Tsing-Choy.Kathy@epa.gov>; Jones-Peeler, Meshell <Jones-Peeler.Meshell@epa.gov>; Gulamali, Adil <Gulamali.Adil@epa.gov>; Sylvester, Kenneth <Sylvester.Kenneth@epa.gov>
**Subject:** List of Grant Terminations - 2/20
**Importance:** High

Good evening, GMOs,

I am writing to inform you that the grants attached have been identified and cleared for termination.

**The Termination Memo has not yet been cleared.  Therefore, do <u>not</u> take any final action until I send the Termination Memo.**

However, I wanted to provide as much advance notice as possible so you can begin the termination/closeout process, following the Grant Termination SOP finalized today: https://work.epa.gov/sites/default/files/2025-02/grant_termination_sop.pdf (must be on VPN).

If you have any questions, please let me know.

*Melissa Wise*
Director, Office of Grants and Debarment
Office of Mission Support
U.S. Environmental Protection Agency
1300 Pennsylvania Ave., NW
Washington, D.C. 20460
(202) 924-9911

*My working hours may not be your working hours. Please do not feel obligated to reply outside of your normal work schedule.*



APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-C

# Sample Termination Letter

# with placeholders



# OFFICE OF MISSION SUPPORT
WASHINGTON, D.C. 20460

March 14, 2025

**MEMORANDUM**

**SUBJECT:**   Termination of EPA Assistance Agreement [Grant Number] under 2 CFR 200.340

**FROM:**      EPA Award Official

**TO:**        FirstName LastName, Title
               Office (Recipient Authorized Organization Representative (AOR))

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. [insert Grant Number] awarded to [recipient organization]. In accordance with 2 CFR 200.340(a)(2) (effective August 13, 2020 – September 30, 2024) and the Termination term and condition contained in the EPA General Terms and Conditions effective August 13, 2020 – September 30, 2024, EPA Assistance Agreement [INSERT Grant Number] is terminated in its entirety effective immediately on the grounds that the award no longer effectuates the program goals or agency priorities. The objectives of the award are no longer consistent with EPA funding priorities.

It is a priority of the EPA to eliminate discrimination in all programs throughout the United States. The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not support programs or organizations that promote or take part in diversity, equity, and inclusion ("DEI") initiatives, "environmental justice" initiatives, and conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the civil rights laws, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The grant specified above provides funding for programs that promote or take part in DEI initiatives or environmental justice initiatives or other initiatives that conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions; that are not free from fraud, abuse, waste, or duplication; or that otherwise fail to serve the best interests of the United States. The grant is therefore inconsistent with, and no longer effectuates, Agency priorities.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a):
- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at rtpfc-grants@epa.gov for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), [email address of the DDO], must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, [email address of EPA Award Official] within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.


ATTACHMENTS
1. Amendment Document
2. Name of file

cc: FirstName LastName (EPA Grant Specialist)
    (EPA Project Officer)
    (Grantee Program Manager)

2

APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-D

Email from D. Coogan to T. Voyles with list of
grant programs to terminate

awarded); Environmental Justice Government-to-Government (EJG2G) Program ($2M pending); Environmental Justice Thriving Communities Grantmaking Program (EJ TCGM) ($29M awarded—these were cancelled right?); Environmental Education Grants Program ($876K pending; $4M awarded).

Hopefully I am not missing anything that is important, but let me know if there is anything else that would helpful in briefing on impacts.

--

Travis Voyles
C: (202) 787-0595

## Controlled by U.S. Environmental Protection Agency

**From:** Coogan, Daniel <Coogan.Daniel@epa.gov>
**Sent:** Tuesday, February 25, 2025 9:29 PM
**To:** Voyles, Travis <voyles.travis@epa.gov>; Loving, Kathryn <Loving.Kathryn@epa.gov>; Jehling, Erica <Jehling.Erica@epa.gov>
**Cc:** Molina, Michael <molina.michael@epa.gov>; Patrick, Kimberly <Patrick.Kimberly@epa.gov>
**Subject:** Next Steps on Grant Actions - Feb 25

## CUI//SP-BUDG

Travis, just wanted to make sure we are all aligned on today's discussion and next steps. Below is the list of grant programs that require some action from OMS (for those that you cleared to continue operating, like Brownfields, I am not including them below and we will just communicate that direction separately with the programs and regions). The one caveat that I forgot to mention is that OMB directed agencies to adopt a new term and condition (based on grant regs) on October 1 that limits agencies' discretion to terminate grants. So as to limit potential dispute and other risk, I recommend that we focus for now on awards prior to October 1 and then work with OGC to get clear direction on how to handle the post-October 1 awards. Please let me know if you have any concerns with what is detailed below. Once we have your approval, we will move out on taking the necessary actions.

| CFDA/Assistance Number Listing | CFDA/Assistance Listing Title | Unawarded Grants | Grants Awarded Prior to October 1, 2024 | Grants Awarded After October 1, 2024 |
|---|---|---|---|---|
| 66.040 | Diesel Emissions Reduction Act (DERA) State Grants | Pause pre-award. OMS direct OAR to clear with OAR political leadership that pending actions align with administration priorities. | No change. | No change. |
| 66.049 | Clean Heavy-Duty Vehicles Program | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new award actions but hold on any terminations until further discussion with OGC. |

| 66.306 | Environmental Justice Collaborative Problem-Solving Cooperative Agreement Program | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new actions but hold on any terminations until further discussion with OGC. |
|---|---|---|---|---|
| 66.309 | Surveys, Studies, Investigations, Training and Special Purpose Activities Relating to Environmental Justice | Cancel any unawarded/ unobligated actions and realign with administration priorities. | Confirm funding source before further action. | Confirm funding source before further action. |
| 66.312 | Environmental Justice Government-to-Government (EJG2G) Program | Cancel any unawarded/ unobligated actions and decommit funding. | No change. | No change. |
| 66.604 | Environmental Justice Small Grant Program | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new award actions but hold on any terminations until further discussion with OGC. |
| 66.614 | Financial Assistance For Community Support Activities To Address Environmental Justice Issues | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new award actions but hold on any terminations until further discussion with OGC. |
| 66.615 | Environmental Justice Thriving Communities Grantmaking Program (EJ TCGM) | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new award actions but hold on any terminations until further discussion with OGC. |
| 66.616 | Environmental and Climate Justice Block Grant Program | Cancel any unawarded/ unobligated actions and decommit funding. | Terminate grants and pay final invoices. | No new award actions but hold on any terminations until further discussion with OGC. |
| 66.721 | Reducing Embodied Greenhouse Gas Emissions for Construction Materials and Products | Cancel any unawarded/ unobligated actions and decommit funding. | No change. | No change. |

| 66.951 | Environmental Education Grants Program | Hold any unawarded/ unobligated actions to ensure compliance with Administration priorities. | No change. | No change. |
| --- | --- | --- | --- | --- |

Controlled by U.S. Environmental Protection Agency

APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-E

# EPA Grant Termination SOP

# GRANT TERMINATION SOP
## 200.340 Unilateral Termination Procedures
### Final 02/20/2025

This procedure is applicable to any assistance agreements subject to EPA General Terms and Conditions effective August 13, 2020 and all subsequent updates.

This action is both an Amendment and a Termination Notification under 2 CFR 200.341, meaning that it must be signed by an EPA Decision Official (generally an EPA Award Official/Grants Management Officer), and cannot be delegated.

[ HYPERLINK "https://work.epa.gov/sites/default/files/2024-06/sop_2024_g01.pdf" ] Awarding Official delegation list:

**Awarding Officials**

'✓' indicates delegated awards official(s) by region.

| Region | GMO/Branch Manager (BM) | MSDD/SRO |
|---|---|---|
| Region 1 |  | ✓ |
| Region 2 | ✓(GMO *de-obligations/decreases only* < $1M) | ✓ |
| Region 3 | ✓ (BM < $5M) | ✓ (> $5M) |
| Region 4 | ✓ (GMO) |  |
| Region 5 | ✓ (GMO) (BM) |  |
| Region 6 | ✓ (GMO < $5M) | ✓ (> $5M) |
| Region 7 | ✓ (GMO) |  |
| Region 8 | ✓ (GMO) |  |
| Region 9 | ✓ (GMO) |  |
| Region 10 | ✓ (GMO, BM, Tribal Grant Section Manager) |  |
| OGD HQ | ✓ (GMO, BM, Division Director) |  |

## The Change Request (CR) and Amendment Process – Grant Specialist (GS)

To prepare the amendment for signature, the GS performs the following actions:

A. Initiate a Change Request for "General Amendment Requiring Signature"



B. Document and type on the "Details" of the CR as follows:

This amendment is to stop work; terminate the agreement; reduce performance period duration; curtail scope of work; and waive certain reporting requirements. Administrative terms and conditions are added.

Per 2 CFR 200.340 and the Termination General Terms and Conditions of this agreement, EPA is terminating this award. Your organization shall immediately stop work and take all reasonable steps to minimize the incurrence of costs otherwise allocable to the assistance agreement. See terms and conditions.

APPALACHIAN VOICES, ET AL v. EPA, ET AL

1:25-CV-01982-PLF

# EXHIBIT 1-F

# Declaration of Daniel Coogan,

# EPA Office of Mission Support Deputy Assistant Administrator

# DECLARATION OF DANIEL COOGAN

I, Daniel Coogan, declare and state as follows:

1.  I am the Deputy Assistant Administrator for Infrastructure and Extramural Resources in the Office of Mission Support, for the United States Environmental Protection Agency ("EPA") located at 1200 Pennsylvania Avenue, NW, Washington, D.C. 20460. I have been in my current position since December 2023, and I have been at the agency since November 2004. I make the following factual statements based on my personal knowledge and belief. If called as a witness, I could and would competently testify thereto.

2.  During the transition between the last Presidential Administration and the current Administration, EPA has limited activity on grant awards and actions so career staff can brief the new Administration on the on-going grants and programs and help the new Administration understand how the program aligns with their priorities including ensuring the safeguard of Agency funds.

3.  As part of this effort, and distinct from any Executive Orders or OMB memorandums, EPA leadership conducted an individualized, grant-by-grant review to determine which grants should continue, which should be modified, and which should be terminated based on alignment with Administration priorities or the purposes for which the Federal award was made. EPA began this process for the Administration in January 2025.

4.  The review process resulted in EPA continuing all Infrastructure Investments and Jobs Act ("IIJA") grants, which include 2,004 active grants totaling $27.5 billion. Many Inflation Reduction Act ("IRA") grants remain active following review, including 979 active grants totaling $39.5 billion.

5.  The above review process occurred prior to the issuance of the preliminary injunction on April 15, with decisions to terminate tranches of IRA grants made on the following dates: February 13, March 3, March 10, and April 14.

**Exhibit G**

1    EPA is in the process of sending out the formal termination/cancellation notices to
2    all of the impacted grantees. EPA has already sent out formal notices to
3    approximately 377 grantees. For the remaining approximately 404 grantees, EPA
4    plans to issue notices within the next two weeks.

5    6.    EPA has only paused access to funding in Automatic Standard
6    Application for Payments ("ASAP") for recipients of the following IRA grant
7    programs which are slated to be terminated as mentioned above: Environmental
8    Justice Collaborative Problem-Solving Cooperative Agreement Program; Surveys,
9    Studies, Investigations, Training and Special Purpose Activities Relating to
10   Environmental Justice; Environmental Justice Government-to-Government
11   (EJG2G) Program; Environmental Justice Small Grant Program; Financial
12   Assistance For Community Support Activities To Address Environmental Justice
13   Issues; Environmental Justice Thriving Communities Grantmaking Program (EJ
14   TCGM); Environmental and Climate Justice Block Grant Program; and Reducing
15   Embodied Greenhouse Gas Emissions for Construction Materials and Products.

16   7.    EPA understands the Court's Order to require that all funds
17   appropriated under the IRA or IIJA be unfrozen unless there is a pre-existing
18   determination (from before entry of the preliminary injunction) to pause that funding
19   on an individualized basis for some other, independent reason (i.e., apart from the
20   fact that it was appropriated under the IRA or IIJA).  The above still-paused, soon-
21   to-be-terminated IRA grants meet those criteria.  Accordingly, EPA believes that
22   continued pauses of those grants complies with the Court's Order.  EPA is not
23   "freezing, halting, or pausing on a non-individualized basis the processing and
24   payment of funding that (1) was appropriated under the Inflation Reduction Act or
25   the Infrastructure Investment and Jobs Act and (2) has already been awarded."
26   *Woonasquatucket River Watershed Council v. United States Dep't of Agric.*, No.

1  1:25-cv-00097-MSM-PAS, 2025 U.S. Dist. LEXIS 71378 (D.R.I. Apr. 15, 2025)

2  (order granting preliminary injunction).

3      8.    Despite the current pause on these grants, EPA will still reimburse all

4  costs incurred prior to the grant formally being terminated, once recipients submit

5  final invoices as part of the grant close-out process as detailed in the grant

6  termination letter and at 2 CFR § 200.334.

7      9.    Restoring access to the paused grants would expose EPA and taxpayers

8  to tremendous risk as recipients would have the ability to draw-down large portions

9  of grant funding in ASAP, and could believe that they have an incentive to make

10  such draws if they believed the pause on the suspension was temporary. Recouping

11  these funds upon termination of the grants would be difficult.

12      I declare under penalty of perjury that the foregoing is true and correct.

13

14

15  DANIEL COOGAN    Digitally signed by DANIEL COOGAN
                      Date: 2025.04.23 10:45:40 -04'00'

16  Daniel Coogan
    Deputy Assistant Administrator for

17  Infrastructure and Extramural
    Resources

18  Office of Mission Support
    U.S. Environmental Protection

19  Agency

20

21

22

23

24

25

26

27

28