**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| APPALACHIAN VOICES, et al.,　　　　　) <br><br>　　　　　　　　　*Plaintiffs*,　　　) <br>　　*on behalf of themselves and*　) <br>　*all others similarly situated*　) <br>　　　　　　　　　　　　　　　) <br>　　　v.　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>UNITED STATES　　　　　　　) <br>ENVIRONMENTAL PROTECTION　) <br>AGENCY, et al.,　　　　　　　) <br>　　　　　　　　　　　　　　　) <br>　　　　　　　　*Defendants*.　) | Civil Action No. 1:25-cv-01982-RJL |

<u>**REPLY IN SUPPORT OF PLAINTIFFS'**</u>
<u>**MOTION FOR CLASS CERTIFICATION**</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

   I.    The proposed class satisfies Rule 23(a)'s commonality and typicality
        requirements. ........................................................................................................ 2

   II.   The proposed class satisfies Rule 23(b)(2). ......................................................... 6

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Afghan & Iraqi Allies v. Pompeo*,
334 F.R.D. 449 (D.D.C. 2020)................................................................................5, 6

*Attias v. CareFirst, Inc.*,
344 F.R.D 38 (D.D.C. 2023)........................................................................................5

*Califano v. Yamasaki*,
442 U.S. 682 (1979)....................................................................................................6

*Darby v. Cisneros*,
509 U.S. 137 (1993)....................................................................................................5

*DL v. District of Columbia*, 450 F. Supp. 2d 11 (D.D.C. 2006)........................................8

*Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*,
326 F.R.D. 1 (D.D.C. 2018)................................................................................4, 7, 9

*Huashan Zhang v. U.S. Citizenship & Immigr. Servs.*,
344 F. Supp. 3d 32 (D.D.C. 2018), *aff'd*, 978 F.3d 1314 (D.C. Cir. 2020)..............3

*J.D. v. Azar*,
925 F.3d 1291 (D.C. Cir. 2019)...............................................................................3, 5

*Lightfoot v. District of Columbia*,
273 F.R.D. 314 (D.D.C. 2011).................................................................................3, 4

*Lodge 1858, Am. Fed'n of Gov't Emp. v. Paine*,
436 F.2d 882 (D.C. Cir. 1970)....................................................................................8

*Love v. Johanns*,
439 F.3d 723 (D.C. Cir. 2006)....................................................................................4

*Menominee Indian Tribe of Wisconsin v. United States*,
614 F.3d 519 (D.C. Cir. 2010)....................................................................................5

*Nat'l ATM Council, Inc. v. Visa, Inc.*,
No. 11-1803, 2021 WL 4099451 (D.D.C. Aug. 4, 2021) ........................................7

*Ramirez v. U.S. Immigr. & Customs Enf't*,
338 F. Supp. 3d 1 (D.D.C. 2018)................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)...........................................................................................7, 8

**Statutes**

42 U.S.C. § 7438.....................................................................................................1

**Rules**

Fed. R. of Civ. P. 23.................................................................................1, 3, 4, 6, 7, 9

**INTRODUCTION**

This case is a quintessential class action. Plaintiffs' Complaint challenges EPA's abrupt and unlawful termination of the entire Environmental and Climate Justice Block Grant program that Congress established under Section 138 of the Clean Air Act, 42 U.S.C. § 7438, as amended by the Inflation Reduction Act, Pub. L. No. 117-169, § 60201, 136 Stat. 1818, 2078–79 (2022). As Plaintiffs explained in their motion for class certification, EPA subjected each and every class member to the same thing: It shuttered the entire grant program and terminated all grants issued under it. It did so in the same way for every grant. And on behalf of the class, Plaintiffs seek the same indivisible relief to redress that harm.

Defendants now argue that the proposed class should not be certified for two main reasons.[1] First, they argue that the Court lacks jurisdiction over Plaintiffs' claims and that the Court should address their Motion to Dismiss before deciding Plaintiffs' Motion for Class Certification. Defendants' jurisdictional arguments properly belong in their Motion to Dismiss and are wrong for the reasons addressed in Plaintiffs' Reply in Support of their Motion for a Preliminary Injunction (Dkt. 77) and their forthcoming response to Defendants' Motion to Dismiss. Plaintiffs agree that the Court should dispense with the Motion to Dismiss before ruling on class certification.

Second, by failing to engage with the evidence, Defendants fashion an argument that the proposed class fails to satisfy commonality, typicality, and Rule 23(b)(2) because an

---

[1] Defendants do not dispute that the proposed class satisfies Federal Rule of Civil Procedure 23(a)'s numerosity or adequacy requirements, nor do they object to the appointment of Earthjustice, Southern Environmental Law Center, and Public Rights Project as class counsel. Opp. to Pls.' Mot. for Class Certification (Dkt. 68) at 8 n.2.

1

"appropriate review" requires "an individualized, grant-by-grant analysis." Opp. to Pls.' Mot. for Class Certification ("Opp.") (Dkt. 68) at 7 (original pagination). This argument relies on misstatements of Plaintiffs' claims, factual assertions contradicted by the record—including the declarations of EPA's own officials—and misapplication of existing case law. Defendants did not engage in an individualized review of proposed class members' grants but rather decided in a single day to terminate the entire "grant program[]" for "policy reasons." T. Voyles Decl. (Dkt. 30-2) ¶ 3. This Court similarly need not engage in any individualized review to determine that the wholesale termination of the congressionally mandated Environmental and Climate Justice Block Grant program was unlawful and should be enjoined.

I.    **The proposed class satisfies Rule 23(a)'s commonality and typicality requirements.**

Plaintiffs have established commonality and typicality because each proposed class member, including the named Plaintiffs, was harmed by and now challenges a single agency action: EPA's wholesale termination of the Environmental and Climate Justice Block Grant program. EPA officials admitted that they decided that the "grant program[] . . . should be terminated for policy reasons." *Id.* And they effectuated this termination towards the whole class in the same way—by sending substantively identical termination notices to terminate each of proposed class members' grants. All proposed class members bring the same claims under the Constitution and the Administrative Procedure Act ("APA"). They challenge the same agency action, based on the same facts applicable to the class as a whole, and seek the same relief. As such, there can be no question that they have raised a common legal issue that can be resolved for the entire class in a single determination. For the reasons below, Defendants' arguments to the contrary fail.

2

*First*, Defendants' assertion that Plaintiffs' common questions of law are too generalized to show commonality is wrong. Commonality is satisfied where, as here, "plaintiffs challenge a uniform policy or practice that affects all class members." *Huashan Zhang v. U.S. Citizenship & Immigr. Servs.*, 344 F. Supp. 3d 32, 63 (D.D.C. 2018), *aff'd*, 978 F.3d 1314 (D.C. Cir. 2020) (internal quotation marks omitted). Any one of the common questions of law or fact that Plaintiffs identified is enough not just to satisfy Rule 23(a)(2)'s permissive standard, but to make it "productive and economical" for the Court to certify this class. *J.D. v. Azar*, 925 F.3d 1291, 1321 (D.C. Cir. 2019) (internal quotation marks and citation omitted); Pls.' Memo. In Support of Mot. for Class Certification (Dkt. 30-1) at 9–10. Indeed, aside from cursory assertions that individualized review is required, Defendants fail to point to any relevant questions of law or fact that are not common to all proposed class members.

Defendants' argument to the contrary misunderstands the class claims. Plaintiffs do not contend merely that Defendants' treatment of the class members violates the Constitution and the APA, as a general matter, but rather that that treatment violates the Constitution and the APA in precisely the same way.

Proposed class members' common questions of law and fact thus are readily distinguishable from those asserted in the cases Defendants rely on. In *Lightfoot v. District of Columbia*, 273 F.R.D. 314 (D.D.C. 2011), for instance, the plaintiffs challenged the constitutional adequacy of notices terminating disability compensation benefits, but "[n]otably, [they] d[id] not contend that pre-deprivation notices were identical in describing the reasons for termination." *Id.* at 337. Rather, they acknowledged "potentially significant variation" in the termination notices. *Id.* Given that variation, the court concluded that "it is difficult to imagine how the question of whether the notices provided were constitutionally adequate would be

3

amenable to resolution on a class-wide basis." *Id.* at 338. Similarly, in *Love v. Johanns*, 439 F.3d 723 (D.C. Cir. 2006), proposed class members challenging the denial of government farm loan applications conceded that the government offered "varying reasons for denying their requests," undermining the existence of common questions of law or fact. *Id.* at 728. Here, by contrast, EPA made a single decision in a single day to terminate the entire grant program, issuing boilerplate terminations citing the same Executive Orders and identical reasoning. *See* Compl. (Dkt. 1) ¶ 114; T. Voyles Decl. (Dkt. 30-2) ¶ 3. That is textbook commonality. Resolution of whether this programmatic action violated the APA and the Constitution will determine the outcome of all class members' claims "in one fell stroke." *Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*, 326 F.R.D. 1, 7 (D.D.C. 2018).

Notably, Defendants fail to engage with the case that *is* on all fours with this one: *Healthy Futures of Texas*. In that case, a court in this District certified a Rule 23(b)(2) class that, like this one, challenged the termination of a federal grant program—and that, like this one, sought a declaration that the termination was unlawful and an order reinstating the program and grants awarded under it. *Id.* at 8. Here, like in *Healthy Futures of Texas*, there is "no doubt" that commonality is satisfied because the prospective class members "have all suffered the same injury: the unexplained and indiscriminate" agency decision on an entire grant program "and the lapse in grant funding that accompanies that agency decision." *Id.* at 7.

*Second*, Defendants' claim that EPA's programmatic termination was instead a series of "fact-dependent" determinations for individual grants is wrong, contradicted by EPA's own statements, and does not defeat commonality. Opp. at 9. Defendants' assertion that EPA relied upon some internal process to assess and decide individually whether the hundreds of implicated grants were aligned with policy priorities is flatly contradicted by the evidence in this case. By

4

EPA's own admission, the only "individualized review" the agency undertook was of "grant programs" as a whole. T. Voyles Decl. (Dkt. 30-2) ¶ 3. But even setting aside the inaccuracy of Defendants' claim, had such a process taken place, the outcome was the same for all Plaintiffs and proposed class members: termination for identical "policy reasons," citing to the same EOs, in the same way. *Id.*; *see* Compl. (Dkt. 1) ¶ 114. The inquiries Defendants claim defeat commonality or typicality (such as an "assess[ment]" of "each putative class member's unique grant award" or "how Defendants went about reviewing each particular grant award") are irrelevant, as those inquiries have no bearing on the key issue: whether EPA's wholesale decision to terminate the entire program was lawful. Opp. at 9.

*Third*, Defendants' argument that some proposed class members' pursuit of administrative appeals defeats commonality fails because whether some class members did so has no bearing on commonality or typicality. "[C]ourts regularly certify classes where individual members have different factual circumstances." *Afghan & Iraqi Allies v. Pompeo*, 334 F.R.D. 449, 459 (D.D.C. 2020). So long as "a single aspect or feature of the claim is common to all proposed class members," commonality is met. *Attias v. CareFirst, Inc.*, 344 F.R.D 38, 49 (D.D.C. 2023) (internal quotation marks and citation omitted); *Azar*, 925 F.3d at 1321 (commonality requirement met where class members suffer from a "policy . . . applicable to every member of the class, regardless of [each individual class member's] circumstances"). As we have explained above, that is plainly true here. Unlike in *Menominee Indian Tribe of Wisconsin v. United States*, 614 F.3d 519, 526 (D.C. Cir. 2010), where the plaintiff missed an administrative appeal deadline and sought tolling under another class action, here there is no exhaustion requirement under the relevant statutes. *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993) (holding that administrative exhaustion is necessary for APA claims only when expressly

required by statute). Rule 23 does not require that members of a class took identical procedural paths, but rather that the named Plaintiffs' claims are typical of those of the class. And so they are here. Both named Plaintiffs and proposed class members challenge the same agency action on the same legal grounds and seek the same relief. Defendants have failed to explain how certifying the class could preclude class members from vindicating their rights. And in any case, administrative appeals under these circumstances are futile. *See infra* 8.

In sum, Plaintiffs have shown that the proposed class's claims arise from the same agency action, involve similar harms, rely on the same legal theory, and request the same relief. That is more than sufficient to meet Rule 23(a)'s commonality and typicality requirements.

## II. The proposed class satisfies Rule 23(b)(2).

Plaintiffs' motion easily satisfies Rule 23(b)(2) as well. The key question under Rule 23(b)(2) is whether a single injunction can provide relief to the whole class. Courts routinely certify a class that, like this one, "seek[s] to overturn determinations of the departments of the Executive Branch of the Government in cases where judicial review of such determinations is authorized." *Califano v. Yamasaki*, 442 U.S. 682, 700 (1979); *see, e.g.*, *Afghan & Iraqi Allies*, 334 F.R.D. at 464 (certifying Rule 23(b)(2) class challenging unreasonable delay of visa applications under the APA); *Ramirez v. U.S. Immigr. & Customs Enf't*, 338 F. Supp. 3d 1, 43–50 (D.D.C. 2018) (certifying Rule 23(b)(2) class challenging immigration agency's systematic failure to comply with statutory requirement).

Defendants' arguments against Rule 23(b)(2) certification largely repeat their flawed arguments on commonality and typicality. Defendants wrongly insist that the Court would need to conduct "an individualized inquiry into the factual circumstances of each termination decision," making class certification under Rule 23(b)(2) inappropriate. Opp. at 11. For the

reasons set forth above, this Court need not conduct such an individualized inquiry. Rather, "an order that declares the agency action unlawful and that enjoins defendants to reinstate" the proposed class's grants "and to continue to administer the grants to the same extent and in the same manner as prior to the unlawful termination would provide the same relief to all class members." *Healthy Futures of Texas*, 326 F.R.D. at 8 (certifying 23(b)(2) class seeking this relief) (internal quotation marks and citations omitted); *see also Nat'l ATM Council, Inc. v. Visa, Inc.*, No. 11-1803, 2021 WL 4099451, at *4 (D.D.C. Aug. 4, 2021) (Leon, J.) (rejecting "hypothetical possibility" that some members of a putative class might experience different impacts from requested class-wide relief).

Contrary to Defendants' assertion, this case is nothing like *Wal-Mart Stores, Inc. v. Dukes*—"one of the most expansive class actions ever." 564 U.S. 338, 342 (2011). In that case, the Supreme Court reversed certification of a Rule 23(b)(2) class of about 1.5 million female, current and former Wal-Mart employees who alleged that thousands of local supervisors had violated their Title VII rights in "literally millions of employment decisions." *Id.* at 352. The class's core claim was that Wal-Mart's "policy" of "*allowing discretion* by local supervisors over employment matters" violated Title VII. *Id.* at 355. It sought both injunctive relief and backpay to remedy that asserted injury. *See id.* at 342. The Court held that that class was improperly certified under Rule 23(b)(2) because it brought "individualized monetary claims" pursuant to Title VII's "detailed remedial scheme," while a class seeking individualized monetary relief is properly certified under Rule 23(b)(3). *Id.* at 362, 366. No such request for individualized monetary relief or detailed remedial scheme exists here, nor a division of "discretionary decisionmaking" amongst "thousands" of individuals. *Id.* at 345. Plaintiffs and proposed class members challenge just one decision—EPA's decision to terminate the grant

program—and they seek declaratory and injunctive relief, not individualized monetary relief. As we explained above, that challenge rises or falls as one. Unlike the outcome of a "policy of discretion," *id.* at 357, Defendants' decision to terminate the grant program does not "depend[] on the specific circumstances surrounding" any of the grantees, Opp. at 11.

Defendants suggest that the fact that some proposed class members have initiated administrative appeals of their terminations somehow undermines the ability of this Court to resolve their claims in "one stroke." Opp. at 10. Not so. Again, Plaintiffs' claims are based on the termination of the entire congressionally mandated grant program, not the purported basis for any particular class member's termination, and the injunctive and declaratory relief sought by the proposed class would resolve every member's claims regardless of the status of any administrative appeals. Even if the administrative appeals were somehow relevant, this Court has made clear that administrative appeals are futile, and thus unnecessary, where a plaintiff "do[es] not challenge an individual . . . decision by [the agency] where agency expertise would be important" but instead challenges the agency's "policy, pattern, and practice" or "systemic failure to comply with" federal law. *DL v. District of Columbia*, 450 F. Supp. 2d 11, 17–18 (D.D.C. 2006); *see Lodge 1858, Am. Fed'n of Gov't Emp. v. Paine*, 436 F.2d 882, 896 (D.C. Cir. 1970) ("[T]he exhaustion requirement contemplates an efficacious administrative remedy, and does not obtain when it is plain that any effort to meet it would come to no more than an exercise in futility.").

Finally, Defendants are incorrect that the relief Plaintiffs seek is not indivisible because it "can be parceled out to different class members" via "party-specific injunctions." Opp. at 12–13. Much of this argument seems to flow from Defendants' incorrect belief that Plaintiffs were required to litigate—or, indeed, are capable of litigating—this dispute in the Court of Federal

8

Claims. That is simply not true for the reasons explained in our preliminary injunction papers (and in Plaintiffs' forthcoming opposition to Defendants' motion to dismiss). *See* Memo. In Supp. Of. Prelim. Inj. (Dkt. 29-1) at 11–17; Reply In Supp. Of Prelim. Inj. (Dkt. 77) at 9–18. And to the extent Defendants mean to suggest that no Rule 23(b)(2) class can be certified when Plaintiffs request that the Court's injunction include reinstatement of their grants, that is wrong as well. Plaintiffs seek the same single, indivisible injunctive relief parties typically seek when challenging unlawful action—an injunction restoring the status quo ante. Here, that means enjoining *both* Defendants' termination of the grant program and their termination of all the grants that were issued thereunder. After all, the two are different sides of the same coin: Terminating the class members' grants was the means by which Defendants chose to terminate the grant program. Enjoining the one means enjoining the other, indivisibly for the class as a whole. That is all Rule 23(b)(2) demands. As the Court in *Healthy Futures of Texas* explained under similar circumstances, an order declaring the programmatic dismantling of a grant program unlawful and enjoining defendants to reinstate a set of grants and to administer them "in the same manner as prior to the unlawful termination would provide the same relief to all class members." 326 F.R.D. at 8 (internal quotation marks and citations omitted). So too here.

\*        \*        \*

As noted, Plaintiffs do not object to Defendants' request that this Court decide their Motion to Dismiss before class certification. If the Court denies Defendants' Motion to Dismiss in whole or in part, Plaintiffs respectfully request that the Court promptly decide on their Motion for Class Certification and Motion for Preliminary Injunction.

**CONCLUSION**

Plaintiffs respectfully request that the Court enter an order granting their Motion for

Class Certification.


DATED: July 21, 2025                              Respectfully submitted,

                                                 */s/ HANA V. VIZCARRA*
                                                 Hana V. Vizcarra (D.C. Bar No. 1011750)
                                                 Deena Tumeh (D.C. Bar No. 1741543)
                                                 Molly Prothero (D.C. Bar No. 1779237)
                                                 Andrew Saavedra (N.Y. Bar No: 6062814)
                                                 (*Pro Hac Vice*)
                                                 Linnet Davis-Stermitz (WA Bar No. 63190)
                                                 (*Pro Hac Vice*)
                                                 EARTHJUSTICE
                                                 1001 G Street NW, Suite 1000
                                                 Washington, D.C. 20001
                                                 Telephone: (202) 667-4500
                                                 hvizcarra@earthjustice.org
                                                 dtumeh@earthjustice.org
                                                 mprothero@earthjustice.org
                                                 asaavedra@earthjustice.org
                                                 ldavisstermitz@earthjustice.org

                                                 *Counsel for Plaintiffs Air Alliance Houston,*
                                                 *Bessemer Historical Society (d/b/a Steelworks*
                                                 *Center of the West), Deep South Center for*
                                                 *Environmental Justice, Downwinders at Risk,*
                                                 *Health Resources in Action, Institute for*
                                                 *Sustainable Communities, Inter-Tribal Council*
                                                 *of Michigan, PUSH Buffalo, and WE ACT for*
                                                 *Environmental Justice and the Proposed Class*
                                                 *Counsel.*

                                                 */s/ Ben Grillot*
                                                 Ben Grillot (D.C. Bar No. 982114)
                                                 Kimberley Hunter (N.C. Bar No. 41333)
                                                 (*Pro Hac Vice*)
                                                 Irena Como (N.C. Bar No. 51812)
                                                 (*Pro Hac Vice*)
                                                 James Whitlock (N.C. Bar No. 34304)
                                                 (*Pro Hac Vice*)

10

SOUTHERN ENVIRONMENTAL LAW CENTER
122 C St NW, Suite 325
Washington, DC 20001
Telephone: (202) 828-8382
Facsimile: (202) 347-6041
bgrillot@selc.org
kmeyer@selc.org
icomo@selc.org

*Counsel for Plaintiffs Appalachian Voices, 2°C Mississippi, Lowcountry Alliance for Model Communities, Parks Alliance of Louisville, Pittsburgh Conservation Corps (Landforce) and Southwest Renewal Foundation and Proposed Class Counsel.*

*/s/ Toby Merrill*
Toby Merrill (D.D.C. Bar No. MA0006)
Graham Provost (D.C. Bar No. 1780222)
(*Pro Hac Vice*)
Elaine Poon (VA Bar No. 91963)
(*Pro Hac Vice*)
Cassandra Crawford (N.C. Bar No. 45369)
(*Pro Hac Vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby@publicrightsproject.org
graham@publicrightsproject.org
elaine@publicrightsproject.org
cassandra@publicrightsproject.org

*Counsel for Plaintiffs Allegheny County, Kalamazoo County, King County, Native Village of Kipnuk, City of Sacramento, City and County of San Francisco, City of Springfield and Treasure Island Mobility Management Agency and Proposed Class Counsel.*

*/s/ Gary DiBianco*
Gary DiBianco (D.C. Bar No. 458669)
Jillian Blanchard (CA Bar No. 203593)
(*Pro Hac Vice*)

11

Larissa Koehler (CA Bar No. 289581)
(*Pro Hac Vice*)
LAWYERS FOR GOOD GOVERNMENT
6218 Georgia Avenue NW, # 5001
Washington, D.C. 20011
(202) 258-6826
Gary@lawyersforgoodgovernment.org
Jillian@lawyersforgoodgovernment.org
Larissa@lawyersforgoodgovernment.org

*Counsel for Plaintiffs Institute for Sustainable
Communities, Inter-Tribal Council of Michigan,
Kalamazoo County, and Native Village of
Kipnuk.*

*/s/ Julie Wilensky*
David Chiu (CA Bar No. 189542)
SAN FRANCISCO CITY ATTORNEY
Yvonne R. Meré (CA Bar No. 175394)
Chief Deputy City Attorney
(*Pro Hac Vice*)
Mollie M. Lee (CA Bar No. 251404)
(*Pro Hac Vice pending*)
Chief of Strategic Advocacy
Sara J. Eisenberg (CA Bar No. 269303)
(*Pro Hac Vice*)
Chief of Complex and Affirmative Litigation
Julie Wilensky (CA Bar No. 271765)
(*Pro Hac Vice*)
Deputy City Attorney
1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-4274
yvonne.mere@sfcityatty.org
mollie.lee@sfcityatty.org
sara.eisenberg@sfcityatty.org
julie.wilensky@sfcityatty.org

*Counsel for Plaintiffs City and County of San
Francisco and Treasure Island Mobility
Management Agency*

12

<u>/s/ Alison Holcomb</u>
David J. Hackett (WA Bar No. 21234)
(*Pro Hac Vice* forthcoming)
General Counsel to King County Executive &
Special Deputy Prosecutor
Alison Holcomb (WA Bar No. 23303)
(*Pro Hac Vice*)
Deputy General Counsel to King County
Executive & Special Deputy Prosecutor
OFFICE OF KING COUNTY PROSECUTING
ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
David.Hackett@kingcounty.gov
aholcomb@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr.
County*