IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Appalachian Voices, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>United States Environmental Protection Agency, *et al.*,<br><br>　　　Defendants. | Case No. 25-cv-01982 (RJL) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

　　　Defendants hereby give notice of a recent, relevant decision of the United States Supreme Court in *National Institutes of Health v. American Public Health Association*, No. 25-A103, slip op. at 1 (U.S. Aug. 21, 2025) (majority opinion). In this case, the Court was presented with the National Institutes of Health's application for a stay of the District Court's judgments vacating the Government's guidance regarding funding certain types of research and the Government's termination of grants related to that research. The Court granted the stay as to the judgments vacating the Government's termination of the grants and denied the stay as to the judgments vacating the guidance.

　　　In granting the stay as to the terminations, the Court emphasized its earlier reasoning in *Department of Ed. v. California*, 604 U. S. ___ (2025) (*per curiam*) that the "Administrative Procedure Act's 'limited waiver of [sovereign] immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants or to order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *Nat'l Inst. of Health*, slip op.

1

at 1 (citing *California*, slip op. at 2) (majority opinion). The Court also found that the Government faced irreparable harm absent a stay insofar as the plaintiffs in the case did not state they would "repay grant money if the Government ultimately prevails." *Id.* at 1 (majority opinion). These holdings are particularly relevant to the matter before this Court, because Defendants have argued that: (1) Plaintiffs' claims are, in essence, contractual claims for money judgments that should be heard at the Court of Federal Claims, *see Defs' Mem. in Support of their Mot. to Dismiss and in Opp. to Pls.' Prelim. Inj. Mot.* at 11-12; and (2) Plaintiffs should be required to post bond if their preliminary injunction motion is granted, because funding for the grants has been rescinded and Defendants have no feasible way to recover those costs if the injunction is later overturned. *Id.* at 32. The Supreme Court's holdings in *Nat'l Inst. of Health* support those conclusions.

The Court denied the request to stay the judgments vacating the Government's guidance related to the grant terminations. *Nat'l Inst. of Health.*, slip op. at 1 (majority opinion). Justice Barrett in her concurring opinion explained her reasoning for allowing the challenge to the guidance to proceed under the APA, *see id.*, slip op. at 2-6 (Barrett, J., concurring), but because this case deals solely with grant terminations rather than legally distinct issues such as the ones present in *Nat'l Inst. of Health*, Defendants decline to further explore the concurrence in this notice.

Justice Gorsuch's concurrence also explained why *California*, despite being a decision regarding interim relief, should still carry precedential weight with respect to its reasoning. *Id.*, slip op. at 2 (Gorsuch, J., concurring). Justice Gorsuch notes that "even probabilistic holdings— such as *California*'s top-line conclusion that 'the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA,' must 'inform how a [lower] court' proceeds 'in like cases,'" *Id.* (Gorsuch, J., concurring) (internal citations omitted). Moreover, Justice Gorsuch dispensed with the court of appeals' argument that *California*

2

was distinguishable because the district court had only invoked the APA "to vacate the government's decision to terminate respondents' grants," stating that "[a]n order vacating the government's decision to terminate grants under the APA is in every meaningful sense an order requiring the government to pay those grants." *Id*. at 3 (Gorsuch, J., concurring). Justice Gorsuch also disagreed with the court of appeals' assertion that the claims before it did not rely on the grant awards' terms and conditions, noting that "[i]n both cases, respondents' injury and alleged right to payment stem from the government's refusal to pay promised grants according to the terms and conditions that accompany them." *Id.* (Gorsuch, J., concurring).

Dated: August 22, 2025

                                        Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        JOSEPH E. BORSON
                                        Assistant Branch Director
                                        Civil Division, Federal Programs Branch

                                        */s/ Jessica A. Lundberg*
                                        JESSICA LUNDBERG (WA Bar No. 60100)
                                        Trial Attorney, U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, D.C. 20005
                                        Tel.: (202) 305-3246
                                        Email: jessica.a.lundberg@usdoj.gov

                                        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically filed this document with the Court by using the CM/ECF system, and that this document was distributed via the Court's CM/ECF system.

*/s/ Jessica A. Lundberg*

JESSICA LUNDBERG (WA Bar No. 60100)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-3246
Email: jessica.a.lundberg@usdoj.gov