IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPALACHIAN VOICES, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Civil Action No. 1:25-cv-01982-RJL |
| v. ) | |
| ) | |
| UNITED STATES ) | |
| ENVIRONMENTAL PROTECTION ) | |
| AGENCY, et al., ) | |
| ) | |
| *Defendants*. ) | |

**RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

As a threshold matter, the Supreme Court's recent decision in *National Institutes of Health v. American Public Health Association*, No. 25-A103 (U.S. Aug. 21, 2025) ("*NIH*") does not affect Plaintiffs' constitutional claims in this matter. *See* Dkt. 1 (Compl.) at 37–38 (Counts 1 and 2). These claims provide an independent basis for jurisdiction in federal district court—wholly apart from any waiver of sovereign immunity under either the Administrative Procedure Act ("APA") or the Tucker Act.

As explained in Plaintiffs' briefing, federal courts have inherent authority to hear claims seeking to enjoin federal officials from acting unconstitutionally—and Defendants do not dispute this. *See, e.g.*, Dkt. 77 (Reply in Support of Plaintiffs' Motion for Preliminary Injunction) at 5. The executive branch's decision to both terminate the entirety of the congressionally mandated Environment and Climate Justice Block Grant program, and to terminate the hundreds of grants here for "policy reasons," violated the Constitution and can and should be enjoined. *Id.* at 5–9. The *NIH* decision does not change this analysis and conclusion—and does not affect Plaintiffs' constitutional claims.

As for Plaintiffs' Administrative Procedure Act claims, in *NIH* the Supreme Court concluded that federal district courts have jurisdiction under the APA to review and vacate unlawful policy-level decisions that involve grants, such as agency guidance documents. *NIH*, slip op. at 3 (Barrett, J.) (finding government not entitled to stay "insofar as they vacate the guidance documents"). As Justice Barrett explained, the fact "[t]hat the agency guidance discusses internal policies related to grants does not transform a challenge to that guidance into a claim 'founded … upon' contract that only the [Court of Federal Claims] can hear." *Id.* Thus, this Court retains jurisdiction to evaluate Plaintiffs' claim that EPA's overarching decision to terminate the entirety of the Environment and Climate Justice Block Grant program was unlawful under the APA and accordingly can set aside that decision.

Further, the *NIH* opinion leaves open the opportunity for the restoration of grants following the vacatur of such an unlawful policy decision—stating that "vacating the guidance does not necessarily void decisions made under it," and notably citing *Bowen v. Massachusetts*, 487 U.S. 879 (1988) on this point. *NIH*, slip. op. at 4. In *Bowen*, the Supreme Court recognized that following vacatur of the Secretary of Health and Human Services' decision to refuse to reimburse certain funds, the Government would likely "abide by [the court's] declaration and pay Massachusetts the requested sum" concluding that this "mere byproduct" of the payment of money did not remove jurisdiction from federal district courts. *Bowen*, 487 U.S. at 909–10. Similarly, here, Plaintiffs would expect that if the Court determined that Defendants' broad high-level actions violated the APA, Defendants would automatically restore Plaintiffs' grants in keeping with their basic obligation to comply with federal law.

In sum, *NIH* makes clear that this Court has jurisdiction to issue a declaratory judgment that EPA's actions violated the APA. *NIH* does not foreclose that this declaratory relief could

result in the restoration of grants. And, regardless, this Court has jurisdiction apart from the APA to find Defendants' actions unconstitutional and order the restoration of Plaintiffs' grants.

Dated: August 25, 2025

Respectfully submitted,

/s/ Ben Grillot
Ben Grillot (D.C. Bar No. 982114)
Kimberley Hunter (N.C. Bar No. 41333)
(*Pro Hac Vice*)
Irena Como (N.C. Bar No. 51812)
(*Pro Hac Vice*)
James Whitlock (N.C. Bar No. 34304)
(*Pro Hac Vice*)
SOUTHERN ENVIRONMENTAL LAW CENTER
122 C St NW, Suite 325
Washington, DC 20001
Telephone: (202) 828-8382
Facsimile: (202) 347-6041
bgrillot@selc.org
kmeyer@selc.org
icomo@selc.org
jwhitlock@selc.org

*Counsel for Appalachian Voices, 2°C Mississippi, Lowcountry Alliance for Model Communities, Parks Alliance of Louisville, Pittsburgh Conservation Corps (d/b/a Landforce) and Southwest Renewal Foundation and Proposed Class Counsel.*

/s/ Hana V. Vizcarra
Hana V. Vizcarra (D.C. Bar No. 1011750)
Deena Tumeh (D.C. Bar No. 1741543)
Linnet Davis-Stermitz (WA Bar No. 63190)
(*Pro Hac Vice*)
Molly Prothero (D.C. Bar No. 1779237)
Andrew Saavedra (N.Y. Bar No. 6062814)
(*Pro Hac Vice*)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
hvizcarra@earthjustice.org
dtumeh@earthjustice.org
ldavisstermitz@earthjustice.org
mprothero@earthjustice.org

asaavedra@earthjustice.org

*Counsel for Air Alliance Houston, Bessemer Historical Society (d/b/a Steelworks Center of the West), Deep South Center for Environmental Justice, Downwinders at Risk, Health Resources in Action, Institute for Sustainable Communities, Inter-Tribal Council of Michigan, PUSH Buffalo, and WE ACT for Environmental Justice and Proposed Class Counsel.*

<u>/s/ Toby Merrill</u>
Toby Merrill (D.D.C. Bar ID MA0006)
Graham Provost (D.C. Bar No. 1780222)
Elaine Poon (VA Bar No. 91963)
(*Pro Hac Vice*)
Cassandra Crawford (N.C. Bar No. 45369)
(*Pro Hac Vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby@publicrightsproject.org
graham@publicrightsproject.org
elaine@publicrightsproject.org
cassandra@publicrightsproject.org

*Counsel for Allegheny County, Kalamazoo County, King County, Native Village of Kipnuk, City of Sacramento, City and County of San Francisco, City of Springfield and Treasure Island Mobility Management Agency, and Proposed Class Counsel.*

<u>/s/ Gary DiBianco</u>
Gary DiBianco (D.C. Bar No. 458669)
Jillian Blanchard (CA Bar No. 203593)
(*Pro Hac Vice*)
Larissa Koehler (CA Bar No. 289581)
(*Pro Hac Vice*)
LAWYERS FOR GOOD GOVERNMENT
6218 Georgia Avenue NW, # 5001
Washington, D.C. 20011
(202) 258-6826
Gary@lawyersforgoodgovernment.org
Jillian@lawyersforgoodgovernment.org
Larissa@lawyersforgoodgovernment.org

*Co-Counsel for Institute for Sustainable Communities, Native Village of Kipnuk, Inter-Tribal Council of Michigan, and Kalamazoo County.*

<u>*/s/ Yvonne R. Meré*</u>
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)
(*Pro Hac Vice*)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
(*Pro Hac Vice* forthcoming)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
(*Pro Hac Vice*)
*Chief of Complex and Affirmative Litigation*
1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-4274
yvonne.mere@sfcityatty.org
mollie.lee@sfcityatty.org
sara.eisenberg@sfcityatty.org

*Counsel for Plaintiffs City and County of San Francisco and Treasure Island Mobility Management Agency.*

<u>*/s/ Alison Holcomb*</u>
David J. Hackett
(*Pro Hac Vice*)
General Counsel to King County Executive &amp; Special Deputy Prosecutor
Alison Holcomb
(*Pro Hac Vice*)
Deputy General Counsel to King County Executive and Special Deputy Prosecutor
OFFICE OF KING COUNTY PROSECUTING ATTORNEY LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
*David.Hackett@kingcounty.gov*
*aholcomb@kingcounty.gov*

*Counsel for Plaintiff Martin Luther King, Jr. County.*

5