**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| APPALACHIAN VOICES, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01982-RJL |
| ) | |
| UNITED STATES ) | |
| ENVIRONMENTAL PROTECTION ) | |
| AGENCY, et al., ) | |
| ) | |
| *Defendants*. ) | |

**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

When Defendants unlawfully terminated the entire Environmental and Climate Justice Block Grant program, they terminated nearly $3 billion in grants to Plaintiffs and hundreds of other organizations in Plaintiffs' putative class. Dkt. 98 at 2. Although these funds remain obligated, EPA has recently taken steps to close out these grants and de-obligate the funds.

If and when these funds are de-obligated, EPA has made clear that it will incorrectly view these funds as rescinded – and that they will be returned to the Treasury, making it almost impossible for Plaintiffs to secure meaningful relief should they prevail on appeal. This Court should issue a temporary order to prevent Defendants from unilaterally foreclosing judicial review of their unlawful actions by forever extinguishing any prospect of relief.

To maintain the status quo and ensure the funds remain available should Plaintiffs ultimately prevail, Plaintiffs respectfully request an injunction under Federal Rule of Civil Procedure 62(d) temporarily prohibiting EPA from treating as rescinded any funds appropriated by Congress for Environmental and Climate Justice Block Grants through Section 138 of the Clean Air Act (42 U.S.C. § 7438) and returning those funds to the Treasury. Instead, those appropriated funds should remain available to restore the Environmental and Climate Justice

1

Block Grant program should Plaintiffs succeed on appeal. Notably, the federal government has agreed to similar relief in a similar grants case. Order at 3-4, *Vera Inst. v. U.S. Dept. of Justice*, No. 25-cv-1643 (July 21, 2025) (noting agreement of the parties and enjoining DOJ from "re-obligating or otherwise diminishing the sums awarded but terminated").

While this Court's August 29, 2025 Order denied Plaintiffs' motions for preliminary injunction and class certification and granted Defendants' motion to dismiss, Plaintiffs submit that they have established the factors warranting a narrow injunction pending appeal under Federal Rule of Civil Procedure 62(d).

## ARGUMENT

Federal Rule of Civil Procedure 62(d) authorizes the Court to grant an injunction pending appeal in order to "secure the opposing party's rights." Fed. R. Civ. P. 62(d). By definition, Rule 62(d) "necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal." *United States v. Facebook, Inc.*, No. 19-cv-2184 (TJK), 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024). This is true "even if the court that just denied injunctive relief" believes "its analysis in denying relief is correct." *Id.*

While the standard for relief under Rule 62(d) is "substantially the same" as that for a motion for a preliminary injunction, in some circumstances relief is appropriate "even without a likelihood of success on the merits" when the threat of irreparable harm is "grave," the balance of the equities "decisively" favors relief, and the movant "establishes a 'serious legal question' on the merits and shows that 'the other three factors tip sharply' in its favor." *Id.* (citation modified).

In such cases, an injunction pending appeal is "necessary to preserve the ability of the court of appeals to hear the case before it becomes moot, even where the plaintiff's chances on

the merits are uncertain." *MediNatura, Inc. v. FDA*, 2021 WL 1025835 at *6 (D.C. Cir. 2021);

*see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844

(D.C. Cir. 1977) (finding "substantial equity, and need for judicial protection, whether or not

movant has shown a mathematical probability of success."). This is particularly true in cases like

this one when the "trial court is charting a new and unexplored ground" by "ruling on an

admittedly difficult legal question." *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884

(E.D. Cal. 2004) (citation modified).

## I. Recission of Plaintiffs' awarded funds poses a grave threat of irreparable harm.

An injunction pending appeal is "especially appropriate" when the "subject matter of the

dispute will be destroyed or otherwise altered in a way that moots the pending appeal."

*MediNatura, Inc. v. FDA*, 2021 WL 1025835 at *6 (D.C. Cir. 2021). As the D.C. Circuit in

*MediNatura* explained, "[o]nce a tree has been felled and sent to the sawmill" the "pine is gone

forever"—while "a short delay in clearing the trees does little prejudice to the government." *Id.*

Here, the core of the dispute is funds that Congress appropriated to EPA and EPA

awarded to Plaintiffs under the Environmental and Climate Justice Block Grant program. In

February through May 2025, EPA purported to terminate Plaintiffs' grants. Dkt. 1 (Compl.) at ¶

114. After the litigation was initiated, EPA has taken the position that at the time of termination,

funds obligated to the grants were immediately de-obligated—and thus subject to the recission of

"unobligated balances" by H.R.1, signed into law on July 4, 2025. Ex. 1 (Letter to Grantees).

Plaintiffs vigorously dispute EPA's position. For the reasons explained in Plaintiffs'

briefing, EPA's claim that these funds were immediately de-obligated fails as a matter of both

fact and law – and is directly contrary to EPA's own regulations. *See* Dkt. 77 at 2-5 (Reply in

Supp. of Pls.' Mot. for Prelim. Inj.); Dkt. 87 at 7-10 (Pls.' Mem in Opp. to Defs.' Mot. to

Dismiss). While EPA has unlawfully terminated these grants, that step did not result in the immediate de-obligation of the funds. Instead, de-obligation only occurs at the end of a lengthy close-out process between grantees and the government. 2 C.F.R. § 200.344.

As shown by internal EPA documents, the agency understands that de-obligation only begins once grantees submit a final financial report. Ex. 2 (internal EPA memo from Vonda Jennette, Director of the Office of Controller). Grant recipients typically have 120 days following termination to submit the final financial report, as well as the opportunity to both appeal the decision through an administrative process and litigation.

Given EPA's written threats regarding rescission, Ex. 1, it is uncontested that EPA intends to attempt to de-obligate the funding used for Plaintiffs' grant awards, treat those funds as rescinded, and return those funds to the Treasury. Permitting EPA to do so during the pendency of the appeal would gravely—and irreparably—harm Plaintiffs because the funds would no longer be available should Plaintiffs succeed on their claims – exactly the situation that *MediNatura* cautions should be avoided.

In contrast, maintaining the status quo, and leaving the funds intact, would not harm the Government: Plaintiffs are not currently able to draw down on the funds and they remain within EPA's control. If Plaintiffs prevail on appeal, those funds should remain available for EPA to carry out Congress' mandate in Section 138 of the Clean Air Act. This is not a situation in which EPA would need to recover funds from Plaintiffs – if Plaintiffs are not successful, EPA will have simply held these funds during the pendency of the appeal. Thus, this factor weighs heavily in favor of granting this motion.

## II.    The public interest and balance of the equities decisively favor relief here.

Plaintiffs have shown that the public interest and equities weigh heavily in their favor. Dkt. 29-1 at 38-41; Dkt. 77 at 24-25. An evaluation of these factors requires a consideration of the "relative harms" of the parties and "the interests of the public at large." *Barnes v. E-Sys., Inc. Grp. Hosp. Med & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991). This Court's decision – focused primarily on jurisdiction – did not disturb this showing and the equities here tip even further in favor of the Plaintiffs as they only seek a temporary restraint on the Government moving the funds beyond court access during the pendency of the appeal.

First, Plaintiffs face the prospect of a toothless victory should they prevail on appeal if Defendants fail to preserve access to the funds Congress appropriated for the Environmental and Climate Justice Block Grant program. Defendants, by contrast, face no cognizable harm by an injunction preventing them from placing those funds beyond reach. As the D.C. Circuit explained in *MediNatura*, an injunction to preserve the subject matter of the appeal is appropriate as "a short delay … does little prejudice to the government." *MediNatura, Inc.*, 2021 WL 1025835 at *6. Thus, the balance of harms here tips decisively in favor of Plaintiffs.

Second, the public interest weighs heavily in favor of preserving access to these funds should Plaintiffs succeed on appeal. This is particularly true when – as here – Plaintiffs contend that that this Congressionally-mandated grant program was unlawfully terminated and the Court has not found otherwise.[1] There is "generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). Further, the Environmental and Climate Justice Block Grant program serves communities across the country

---

[1] Plaintiffs' complaint was dismissed on jurisdictional grounds, but that conclusion does not rest on any finding that the government acted lawfully.

– and it serves the public interest to preserve the ability of Plaintiffs to access the funds that Congress appropriated for this program should they succeed in their claims on appeal.

### III.    Plaintiffs' claims on appeal raise serious legal questions on the merits.

At a minimum, Plaintiffs raised serious legal issues on the merits for the reasons explained in their prior briefing. While the Court denied a preliminary injunction because it concluded that it lacked jurisdiction—recent Supreme Court and D.C. Circuit cases demonstrate that the answer to these jurisdictional questions is nuanced. Plaintiffs contend that the Court has jurisdiction to hear Plaintiffs' constitutional claims independent of any waiver of sovereign immunity. Likewise, Plaintiffs' Administrative Procedure Act claims that Defendant's action was both arbitrary and capricious and contrary to law remain within the jurisdiction of federal district courts under current D.C. Circuit and Supreme Court caselaw.

### A.    Plaintiffs' Constitutional claims do not require a waiver of sovereign immunity

First, Plaintiffs have raised a serious legal question as a matter of law because their constitutional claims do not require a waiver of sovereign immunity and must be heard in federal district court.  While this Court concluded that plaintiffs' constitutional claims were "statutory," and relied on the D.C. Circuit's recent decision in *Global Health Council*, that characterization – and reliance – raises a serious question of law as that opinion has since been revised. Dkt. 98 at 20 (Mem. Opinion), citing *Glob. Health Council v. Trump*, No. 25-5097, 2025 WL 2326021, at *1 (D.C. Cir. Aug. 13, 2025); *but see Glob. Health Council v. Trump*, No. 25-5097, 2025 WL 2480618 (D.C. Cir. Aug. 13, 2025) (revised opinion); Order, *Glob. Health Council*, No. 25-5097, Doc. No. 213525 at 8 (D.C. Cir.  Aug. 28, 2025) (denying rehearing en banc) (J. Garcia Statement) ("[w]hether that holding [about constitutional claims] is correct is not only an important question but also a complex one,"); *Id.* at 5 (J. Pan, dissenting from denial of rehearing

en banc) ("because the Dalton issue will likely recur, our en banc court may have another opportunity to correct the panel opinion's erroneous reasoning . . . [s]hould the Dalton issue come before us again, we should take the first opportunity to revisit and correct the mistake that the court has made.").

The preliminary injunction reviewed by the D.C. Circuit in *Global Health Council* related to a funding freeze and suspensions arising from claims that the Executive Branch violated two statutes – the Impoundment Control Act and the Anti-Deficiency Act. Any dispute about the legality of "large-scale contract terminations" was not part of the district court's injunction and was not before the panel. *Glob. Health Council*, 2025 WL 2480618 at *13. In that narrow context, the panel found that the related constitutional claims were an attempt to reframe the Impoundment Control Act and Anti-Deficiency Act statutory violations – and thus foreclosed under *Dalton v. Specter*, 511 U.S. 462 (1994). *Id.* at *6; *see also id.* at *4 (observing that the district court found "no indication" that the President "had complied with the procedures required by the ICA or the Anti-Deficiency Act").

While this Court concluded that Plaintiffs' "do not allege that defendants claimed to have acted under "inherent constitutional power," Dkt. 98 at 20 citing Dkt. 1 (Compl.) at ¶ 176, this is not true as the cited portion of Plaintiffs' complaint makes clear. In the Complaint, which must be accepted as true for the purposes of a Motion to Dismiss, Plaintiffs asserted that the federal government acted without identifying any "statutory, regulatory, or constitutional authority." Dkt. 1 at ¶ 176. Accordingly, Plaintiffs' separation of powers claim is not predicated on any violation of a statute giving certain powers to the President.

Instead, as in *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579 (1952), Plaintiffs' constitutional claim lies in the *absence* of authority for the executive branch to ignore a statutory

mandate to spend funds. *See Dalton*, 511 U.S. at 473; Compl. ¶¶ 13; 109-15 (alleging EPA implemented executive orders to terminate grants and touted terminations as "taxpayer savings").

Plaintiffs' claims here are more like the D.C. Circuit's prior panel opinion in *In re Aiken County*, which awarded the plaintiffs extraordinary mandamus relief where the executive branch was "declin[ing] to follow a statutory mandate . . . simply because of policy objections" and was "refus[ing] to spend [appropriated] funds." 725 F.3d 255, 259-60, n.1, (D.C. Cir. 2013). Any broader reading of *Global Health Council* would place it at odds with *Aiken*, and as the earlier panel decision, *Aiken* would control. *See Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) (discussing law of the circuit doctrine).

### B.  Plaintiffs' Administrative Procedure Act claims belong in federal district court

Plaintiffs bring two Administrative Procedure Act claims that are relevant here.  First, that the termination of the Environmental and Climate Justice Block Grant program was contrary to law because it violated the Constitution, the appropriations statute, and the Impoundment Control Act; and second, that termination of the entire program was arbitrary and capricious.

The Court's opinion in this case was issued one day after the most recent D.C. Circuit caselaw on contrary to law claims, namely the revised opinion in *Global Health Council v. Trump*, No. 25-5097, 2025 WL 2480618 (D.C. Cir. Aug. 28, 2025), which was not cited in its Order. In that case, similarly involving federal grants, the D.C. Circuit allowed such contrary-to-law claims to proceed, finding it necessary to provide a "meaningful avenue to test the legality of the Executive Branch's unilateral action." Order, *Glob. Health Council*, No. 25-5097, Doc. No. 213525 at 8 (D.C. Cir. Aug. 28, 2025) (denying rehearing en banc) (Garcia Statement).

Further, regarding the arbitrary and capricious claims, the Court's opinion does not address several key distinctions to the Supreme Court's recent decision in *National Institutes of*

*Health v. American Public Health Association*, which at the very least raise serious questions on the merits. Plaintiffs have thus established, at least, a serious issue of law meriting an injunction pending appeal.

### 1. Plaintiffs' claims that EPA's action was contrary to law is expressly permitted by the D.C. Circuit

This Court's opinion did not address Plaintiffs' claims that terminating the Environmental and Climate Justice Block Grant program was contrary to law because it violated the Constitution and the Impoundment Control Act. Dkt. 98 (Mem. Opinion) at 14-19 (analyzing contrary to law claims without discussing the Constitution or Impoundment Control Act). These claims were pled, and briefed, by Plaintiffs. Dkt. 1 at ¶ 205; Dkt. 29-1 at 20-24; Dkt. 77 at 20 - 21.

Notably in an opinion published the day before this Court's order, the D.C. Circuit amended its opinion in *Global Health Council v. Trump*, expressly leaving open contrary-to-law claims that the Executive's unilateral decision not to spend funds that Congress appropriated for specific purposes is contrary to law—namely the appropriations acts—and thus violates the Administrative Procedure Act's bar on agency actions that are contrary to law. *Glob. Health Council*, No. 25-5097, 2025 WL 2480618 at *11, n. 17 (D.C. Cir. Aug. 28, 2025).

Multiple judges emphasized the importance of amending the earlier opinion and allowing this claim to proceed in their decision not to rehear the case en banc. *See* Order, *Glob. Health Council*, No. 25-5097, Doc. No. 213525 at 8 (D.C. Cir. Aug. 28, 2025) (Garcia, J., joined by Millett, J., statement respecting the denial of rehearing en banc) (recognizing claim would provide a "meaningful avenue to test the legality of the Executive Branch's unilateral action" and that the amended opinion "allows that claim to proceed").

On remand, Judge Ali found that by withholding grant funds for policy reasons, the federal government had violated the "bedrock expectation that Congress's appropriations must be followed" and thus that their decision not to spend the funds was contrary to law under the Administrative Procedure Act. *Glob. Health Council v. Trump*, No. 25-cv-00402, 2025 WL 2537200 at *12 (D.D.C. September 3, 2025).[2] The Court's ruling omits any reference to the amended opinion which raises a serious question on the merits on appeal.

### 2. Plaintiffs' arbitrary and capricious claims are not barred by the Supreme Court's recent order

Finally, this Court found that the Supreme Court's recent orders in *Department of Education v. California* ("California") and *National Institutes of Health v. American Public Health Association* ("NIH") removed jurisdiction from federal district court for Plaintiffs' arbitrary and capricious claims. Dkt. 98 (Mem. Opinion) at 10-14. Not so.

In *NIH*, the Supreme Court concluded that federal district courts have jurisdiction to review and vacate unlawful policy-level decisions that involve grants – such as agency guidance documents. *Nat. Instit. of Health v. Am. Pub. Health Ass'n,* 145 S.Ct. 2658, 2661 (2025) (Barrett, J.) (finding government not entitled to stay "insofar as they vacate the guidance documents"). As Justice Barrett explained, a challenge to an agency action that involves "policies related to grants" should not be transformed "into a claim 'founded … upon' contract that only the [Court of Federal Claims] can hear." *Id.* Accordingly, challenges to program-wide policy decisions that result in grant terminations, like the decision here, can be heard in federal district court.

---

[2] The United States has applied for a stay of this decision with the United States Supreme Court. On Sept. 9, 2025, the Supreme Court entered a partial stay and ordered briefing on the application. *Dep't of State v. Aids Vaccine Advoc. Coal.*, No. 25A269, 2025 WL 2601022 (Mem.) (Sept. 9, 2025).

This Court overlooked the fact that Plaintiffs properly challenged the program-wide decision to terminate the entire Environmental and Climate Justice Block Grant program, and only sought restoration of individual grants as a natural consequence of vacatur and remand – standard Administrative Procedure Act relief.  Notably, in *Bowen*, the Supreme Court recognized that following vacatur of the Secretary of Health and Human Services' decision to refuse to reimburse certain funds, the Government would likely "abide by [the court's] declaration and pay Massachusetts the requested sum" concluding that this "mere byproduct" of the payment of money did not remove jurisdiction from federal district courts. *Bowen v. Mass.*, 487 U.S. 879, 909–10 (1988).

Contrary to this Court's assertion that Plaintiffs engaged in artful pleading "by mounting a programmatic challenge," Plaintiffs properly challenged a high-level policy decision by the Executive Branch to countermand Congress and terminate mandated, lawful, appropriations. And the Supreme Court in *NIH* squarely held that such challenges belong in federal district court. Thus, Plaintiffs have established a serious question of law regarding their arbitrary and capricious claims.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion and enter an injunction prohibiting EPA from treating as rescinded any funds appropriated by Congress for Environmental and Climate Justice Block Grants through Section 138 of the Clean Air Act (42 U.S.C. § 7438) and returning those funds to the Treasury during the pendency of the appeal.

**Dated:** September 16, 2025          Respectfully submitted,

*/s/ Ben Grillot*
Ben Grillot (D.C. Bar No. 982114)
Kimberley Hunter (N.C. Bar No. 41333)

11

(*Pro Hac Vice*)
Irena Como (N.C. Bar No. 51812)
(*Pro Hac Vice*)
James Whitlock (N.C. Bar No. 34304)
(*Pro Hac Vice*)
SOUTHERN ENVIRONMENTAL LAW CENTER
122 C St NW, Suite 325
Washington, DC 20001
Telephone: (202) 828-8382
Facsimile: (202) 347-6041
bgrillot@selc.org
kmeyer@selc.org
icomo@selc.org
jwhitlock@selc.org

*Counsel for Appalachian Voices, 2°C Mississippi,
Lowcountry Alliance for Model Communities, Parks
Alliance of Louisville, Pittsburgh Conservation Corps
(d/b/a Landforce) and Southwest Renewal Foundation
and Proposed Class Counsel.*

/s/ Hana V. Vizcarra
Hana V. Vizcarra (D.C. Bar No. 1011750)
Deena Tumeh (D.C. Bar No. 1741543)
Linnet Davis-Stermitz (WA Bar No. 63190)
(*Pro Hac Vice*)
Molly Prothero (D.C. Bar No. 1779237)
Andrew Saavedra (N.Y. Bar No. 6062814)
(*Pro Hac Vice*)
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-4500
hvizcarra@earthjustice.org
dtumeh@earthjustice.org
ldavisstermitz@earthjustice.org
mprothero@earthjustice.org
asaavedra@earthjustice.org

*Counsel for Air Alliance Houston, Bessemer Historical
Society (d/b/a Steelworks Center of the West), Deep
South Center for Environmental Justice, Downwinders
at Risk, Health Resources in Action, Inter-Tribal
Council of Michigan, PUSH Buffalo, and WE ACT for
Environmental Justice and Proposed Class Counsel.*

*/s/ Toby Merrill*
Toby Merrill (D.D.C. Bar ID MA0006)
Graham Provost (D.C. Bar No. 1780222)
(*Pro Hac Vice*)
Elaine Poon (VA Bar No. 91963)
(*Pro Hac Vice*)
Cassandra Crawford (N.C. Bar No. 45369)
(*Pro Hac Vice*)
PUBLIC RIGHTS PROJECT
490 43rd Street, Unit #115
Oakland, CA 94609
Telephone: (510) 738-6788
toby@publicrightsproject.org
graham@publicrightsproject.org
elaine@publicrightsproject.org
cassandra@publicrightsproject.org

*Counsel for Allegheny County, Kalamazoo County,
King County, Native Village of Kipnuk, City of
Sacramento, City and County of San Francisco, City of
Springfield and Treasure Island Mobility Management
Agency, and Proposed Class Counsel.*

*/s/ Gary DiBianco*
Gary DiBianco (D.C. Bar No. 458669)
Jillian Blanchard (CA Bar No. 203593)
(*Pro Hac Vice*)
Larissa Koehler (CA Bar No. 289581)
(*Pro Hac Vice*)
LAWYERS FOR GOOD GOVERNMENT
6218 Georgia Avenue NW, # 5001
Washington, D.C. 20011
(202) 258-6826
Gary@lawyersforgoodgovernment.org
Jillian@lawyersforgoodgovernment.org
Larissa@lawyersforgoodgovernment.org

*Co-Counsel for Native Village of Kipnuk, Inter-Tribal
Council of Michigan, and Kalamazoo County.*

*/s/ Yvonne R. Meré*
David Chiu (CA Bar No. 189542)
*San Francisco City Attorney*
Yvonne R. Meré (CA Bar No. 175394)

(*Pro Hac Vice*)
*Chief Deputy City Attorney*
Mollie M. Lee (CA Bar No. 251404)
(*Pro Hac Vice*)
*Chief of Strategic Advocacy*
Sara J. Eisenberg (CA Bar No. 269303)
(*Pro Hac Vice*)
*Chief of Complex and Affirmative Litigation*
*Deputy City Attorney*
1390 Market Street, 7th Floor
San Francisco, CA 94102
Telephone: (415) 554-4274
yvonne.mere@sfcityatty.org
mollie.lee@sfcityatty.org
sara.eisenberg@sfcityatty.org

*Counsel for Plaintiffs City and County of San Francisco and Treasure Island Mobility Management Agency.*

*/s/ Alison Holcomb*
David J. Hackett
(*Pro Hac Vice*)
General Counsel to King County Executive &amp;
Special Deputy Prosecutor
Alison Holcomb
(*Pro Hac Vice*)
Deputy General Counsel to King County Executive and
Special Deputy Prosecutor
OFFICE OF KING COUNTY PROSECUTING ATTORNEY
LEESA MANION
401 5th Avenue, Suite 800
Seattle, WA 98104
(206) 477-9483
*David.Hackett@kingcounty.gov*
*aholcomb@kingcounty.gov*

*Counsel for Plaintiff Martin Luther King, Jr. County.*