IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Appalachian Voices, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> United States Environmental Protection Agency, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-1982 (RJL) |

## MEMORANDUM OPINION

September 25th, 2025 [Dkt. #101]

Earlier this year, the United States Environmental Protection Agency ("EPA") and EPA Administrator Lee Zeldin (collectively, "defendants") terminated *en masse* the Environmental and Climate Justice Block Grants. *See* Complaint ("Compl.") [Dkt. #1]. Plaintiffs, a group of grant recipients, sued several months later in this Court and moved for a preliminary injunction and class certification. *See id.*; Pls.' Mot. for PI [Dkt. #29]; Pls.' Mot. for Class Cert. [Dkt. #30]. They allege that defendants' termination of the Environmental and Climate Justice Block Grants violates the separation of powers, Presentment Clause, U.S. Const. art. I, § 7, cl. 2–3, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Compl. ¶¶ 166–213. On August 29, 2025, the Court dismissed this case for lack of jurisdiction and failure to state a claim. *See* Memorandum Opinion ("Mem. Op.") [Dkt. #98]; Order (Aug. 29, 2025) [Dkt. #99]. Plaintiffs now move for an injunction pending appeal. *See* Pls.' Mot. [Dkt. #101]. For the reasons set forth below, the Court **DENIES** plaintiffs' motion.

## BACKGROUND

The Court explained the factual background of this case in its prior Memorandum Opinion. *See* Mem. Op. at 2–4. I assume the reader's familiarity with my prior opinion and confine my discussion to the facts most relevant to the present motion. Following the Court's dismissal of this case, plaintiffs appealed. They then filed the instant motion to prevent EPA from "treating as rescinded" any funds appropriated for the Environmental and Climate Justice Block Grants and sending those funds to the Treasury Department during the pendency of their appeal. Pls.' Mot. [Dkt. #101] at 1. Plaintiffs argue that an injunction would preserve the status quo as their appeal is pending. *See id.* Defendants oppose the motion. *See* Defs.' Opp'n [Dkt. #104].

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." An injunction pending appeal is an "extraordinary remedy." *See John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). "The standards for evaluating a motion for an injunction pending appeal under Federal Rule of Civil Procedure 62(d) are 'substantially the same as those for issuing a preliminary injunction'[.]" *United States v. Facebook, Inc.*, No. CV 19-2184, 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024) (quoting *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C. 2018)). Plaintiffs "must establish that [they are] likely to succeed on the

merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Amgen Inc. v. Azar*, No. 17-cv-1006, 2018 WL 1990521, at *1 (D.D.C. Feb. 22, 2018) (quoting *Winter*, 555 U.S. at 20). "[I]n rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor a plaintiff so decisively that an injunction pending appeal of a difficult or novel legal question may be proper." *MediNatura, Inc. v. Food & Drug Admin.*, No. CV 20-2066, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021).

## ANALYSIS

Unfortunately for the plaintiffs, the threat of irreparable harm here is not "so grave" as to warrant extraordinary relief. Plaintiffs argue that, if the funds were returned to Treasury, they would no longer be available should plaintiffs succeed on appeal. Pls.' Mot. at 4. In reply, however, plaintiffs admit that "individual grantees may file in the Court of Federal Claims to seek damages for the breach of their grant agreements." Pls.' Reply [Dkt. #105] at 5. Though it may be "difficult to recover" if the funds are returned to Treasury, that harm is not irreparable. *See id.* Plaintiffs also argue that the funds for the Environmental and Climate Justice Block Grants "provide funding for vital projects across the country." *Id.* Injuries to third parties, however, are not a basis to find irreparable harm. *See Winter*, 555 U.S. at 20 ("[A] plaintiff seeking a preliminary injunction must establish that he is likely to suffer irreparable harm in the absence of preliminary relief[.]").

Plaintiffs also cannot show a likelihood of success on the merits of their claims. I have already carefully considered and explained the reasons why I lack jurisdiction over plaintiffs' claims. *See* Mem. Op. at 7–21. While the legal landscape is in flux, plaintiffs

3

have not raised in their motion a "serious legal question" on the merits. *See* Pls.' Mot. at 6–11. I *did* indeed consider our Circuit's amended opinion in *Global Health Council v. Trump*, No. 25-5097, 2025 WL 2480618, at *1 (D.C. Cir. Aug. 28, 2025). *See* Mem. Op. at 20–21.[1] But *Global Health Council* bars plaintiffs' constitutional claims because they "turn[ ] on whether the relevant appropriations *were* mandatory, which makes it statutory for reviewability purposes under *Dalton v. Specter*, 511 U.S. 462 (1994)." *See* Per Curiam Order (En Banc) at 2, *Glob. Health Council v. Trump*, No. 25-5097 (August 28, 2025) (Katsis, J., concurring in the denial of rehearing *en banc*); Compl. ¶¶ 175, 182. Moreover, contrary to plaintiffs' assertion, their claims here are not like those in *In Re Aiken County*, 725 F.3d 255 (D.C. Cir. 2013). In that case, the plaintiffs sought relief under the Nuclear Waste Policy Act because the Nuclear Regulatory Commission was not complying with the statute. *See Aiken*, 725 F.3d at 257–61. Our Circuit awarded mandamus relief because the Commission's inaction violated the statute. *See id.*; *see also id.* at 267–268 (Randolph, J., concurring) (declining to join onto the constitutional analysis). Here, by contrast, plaintiffs pursue constitutional claims.

Plaintiffs' APA claims are also foreclosed by our Circuit's precedent and the Supreme Court's recent decisions. While *Global Health Counsel* left open the question of whether contrary-to-law claims could be pursued under the APA, *see* 2025 WL 2480618 at *11, n.17, plaintiffs make no mention of *Spectrum Leasing Corp. v. United States*, 764 F.2d 891 (D.C. Cir. 1985), and *Ingersoll-Rand Co. v. United States*, 780 F.2d 74 (D.C. Cir.

---

[1] The Westlaw citation in the Memorandum Opinion reflects that the Court relied upon the amended opinion.

1985) in their motion, which I relied upon in finding that it lacked jurisdiction under the Tucker Act. *See* Mem. Op. at 14–18. As to their arbitrary-and-capricious claim, plaintiffs argue that the decision to terminate the grant programs and the termination of grant should be treated separately in light of *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025). *See* Pls.' Mot. at 10–11. Defendants' decisions, however, were not distinct. *See* Compl. ¶ 14 ("EPA terminated the grants *en masse*. . . . [I]t did not review individual grants—but rather reviewed 'grant programs' and terminated them 'for policy reasons' without distinguishing among grant recipients or activities. Instead, EPA made broad program-level decisions and sent out substantively identical termination notices to all grantees." (citations omitted)).

Because plaintiffs cannot show irreparable harm or a likelihood of success on the merits, the Court will deny their motion for an injunction pending appeal. *See Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) ("the court may deny a motion for preliminary injunction, without further inquiry, upon finding that a plaintiff is unable to show either irreparable injury or a likelihood of success on the merits"); *Schindler Elevator Corp. v. Wash. Metro. Area Transit Auth.*, No. 20-cv-3157, 2021 WL 663191, at *2 (D.D.C. Feb. 21, 2021) (denying motion for injunction pending appeal where "the Court ha[d] already carefully considered [movant's] arguments and concluded jurisdiction is lacking").

## CONCLUSION

For the foregoing reasons, plaintiffs' Emergency Motion for Injunction Pending Appeal is **DENIED**. An Order consistent with the above accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge